UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

RENEE C. GARTIN                                                                      PLAINTIFF

v.                                                        CIVIL ACTION NO. 3:06CV-99-S

SOUTH CENTRAL BELL *et al.*                                              DEFENDANTS

## MEMORANDUM OPINION

Plaintiff Renee C. Gartin[1] filed a *pro se* civil complaint alleging "house bugging" by four defendants.  As a review of the complaint reveals that this Court lacks jurisdiction over the subject matter contained therein, the Court will dismiss the action pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.

## I.

The complaint is vague and confusing, but the Court has attempted to summarize Plaintiff's claims.  Alleging that her house is "bugged," Plaintiff sues South Central Bell, "Vanessa A. Williams (Star Singer)," "Disc Jockey – Radio 1350 WLOU," and "Donna Lacey – T.V. Channel."  She reports that "the disturbing noises" started coming through her radio on station WLOU 1350.  Then, Defendants Vanessa A. Williams and Donna Lacey came on Plaintiff's television and told Plaintiff that they had her television bugged.  "Sometimes they would Apologize for coming through house bugging."  Plaintiff also claims that Defendant Disc Jockey also started "making statements."

---

[1]While Gartin is the only plaintiff listed in the caption, she lists her daughter and son as plaintiffs in the body of the complaint and advises that they, too, "would like to be unbugged."  Rule 10 of the Federal Rules of Civil Procedure provides, "In the complaint the title of the action shall include the names of all the parties, . . . ."  Because only Gartin is listed in the caption of the complaint, she is the only proper plaintiff in this action.

Plaintiff accuses South Central Bell of "House Bugging through [the] telephone line," though she notes that she has not dealt with South Central Bell in years.  She advises that her "phone [is] off right now but I am still bugged."  She claims that her life is being threatened through the house bugging and that the house bugging is causing her great irritation and stress. In fact, Plaintiff reports that she was sent to Seven Counties for reporting the house bugging, and she claims that she is allergic to the medications given to her while at Seven Counties.

Plaintiff additionally alleges that her "Food Stamp Card [was] running behind" so she went to the L & N Building on February 2, 2006, filled out a form, and "got irrated listening at some of public talk about [her] in an unplesant fashion."  Ms. Kimberly Brown told Plaintiff that she would receive a new card in 7 to 14 days.  Because Plaintiff had not received her card by February 17th, she called Ms. Brown, who advised her that a replacement card had not been sent. A few days later, Plaintiff returned to the L & N Building and was told that she would receive a new card "this week."

Finally, Plaintiff advises that by written decision dated May 23, 1990, Judge Mathis awarded her either "Social Security, S.S.I., [or] disability benefits" from December 1986.  She claims, "I Have received Half of it.  Some of the half of that part . . . was not sent to me was called offset [which] they kept."  She states, "Mr. Ed Terry at Social Security Office . . . said I should also be getting not only Social Security [and] S.S.I. but disability.  And said it would be about 2 weeks. . . . I haven't gotten it yet plus I think I have been falsely accused of offset."

## II.

It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution and in statutes enacted by Congress. *See generally* 28 U.S.C. §§ 1330-1364; *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986).  Therefore, "[t]he first and fundamental question presented by every case brought to the federal courts is whether it has jurisdiction to hear a case, even where the parties concede or do not raise or address the issue." *Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d 604, 606-07 (6th Cir. 1998).  Without jurisdiction, courts have no power to act. *Id.* at 606.  The burden of establishing jurisdiction rests with the plaintiff. *Hedgepeth v. State of Tennessee*, 215 F.3d 608, 611 (6th Cir. 2000); *Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d at 606.

In the present case, Plaintiff has not met her burden of establishing this Court's jurisdiction.  She cites to no specific federal law, and as the grounds for filing this case in federal court, she asserts, "Do no want my house bugged.  Please see my home stays Unbugged."  She thus fails to demonstrate federal question jurisdiction under 28 U.S.C. § 1331.  The Court notes that while she complains about not receiving a food stamp card and about not receiving certain social security benefits, she fails to causally connect those complaints to any of the named Defendants.  Plaintiff additionally fails to establish diversity jurisdiction as she has neither demonstrated complete diversity of citizenship with Defendants nor alleged the requisite amount in controversy as required under 28 U.S.C. § 1332.

The Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972).  The duty to be less stringent with *pro se* complaints, however, "does not require [the Court] to conjure up

unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted), and the Court is not required to create a claim for the *pro se* Plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides, "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."  As Plaintiff has failed to establish the subject matter jurisdiction of this Court, the instant action will be dismissed.[2]

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date:

cc:        Plaintiff, *pro se*
4411.005

---

[2]Plaintiff's allegations are also factually and legally frivolous.  *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (explaining that the "term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation").  Dismissal of the complaint is also appropriate on that basis under 28 U.S.C. § 1915(e)(2)(B)(i).